FILED
United States Court of Appeals
Tenth Circuit

April 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TREVER J. CORBETT,

     Petitioner - Appellant,

v.

STATE OF KANSAS; ROGER
WERHOLTZ, Secretary of Kansas
Department of Corrections; DAVID
MCKUNE, Warden, Lansing
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

     Respondents - Appellees.

No. 08-3016
(D.C. No. 07-CV-03061-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.[**]

     Petitioner Trever J. Corbett was convicted in state court for murdering his

ex-wife and was sentenced to life imprisonment. His conviction was affirmed by

the Kansas Supreme Court. See State v. Corbett, 130 P.3d 1179 (Kan. 2006). He

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

then unsuccessfully sought federal habeas relief on five issues, two of which he sought to raise on appeal. His notice of appeal was deemed a request for a certificate of appealability and that request was granted as to those two issues. He contends that the state court violated his due-process rights under the Fourteenth Amendment by (1) admitting into evidence the deposition transcripts of Jennifer Williams and Bryan Miller that were taken without notice to him and without the opportunity for cross-examination or objection; and (2) permitting Ms. Williams and Mr. Miller to provide eyewitness testimony at trial because their identification of him was unreliable. Taking jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291, we affirm.

The facts are familiar to the parties and we need not restate them here. Suffice it to say that Ms. Williams and Mr. Miller originally identified Shane Casey in a police photo lineup as the person they saw exiting Ms. Casey's apartment building on the night of the murder. In ex parte depositions later taken by the prosecution, Ms. Williams continued to identify Mr. Casey but Mr. Miller recanted. Ms. Williams and Mr. Miller then testified at trial and identified Mr. Corbett as the person they saw exiting the building.

"We review de novo the district court's legal conclusions in dismissing a petition for a writ of habeas corpus. We review the district court's factual findings for clear error." Davis v. Executive Dir. of Dep't of Corr., 100 F.3d 750, 756 (10th Cir. 1996) (citations omitted). Essentially, the district court deferred to

the Kansas Supreme Court's resolution of these issues. We may only grant a writ of habeas corpus from a state-court adjudication if that adjudication either resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A state-court decision is "contrary to" Supreme Court precedent if the state court applies a rule that contradicts the Supreme Court's governing law or if the state court arrives at a result different than that reached by the Supreme Court on a set of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court unreasonably applies clearly established Supreme Court precedent when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. However, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

With respect to Mr. Corbett's contention that the admission of the deposition transcripts violated his due-process rights, we note that arguments based on violations of state law are generally not cognizable on habeas review.

- 3 -

See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002). An error of state evidentiary law such as that Mr. Corbett alleges only warrants habeas relief if it is "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process."[1] Id. (internal quotation marks and brackets omitted). In this case, however, Mr. Corbett was permitted to cross-examine both Ms. Williams and Mr. Miller at trial and, as the Kansas Supreme Court noted, his counsel took advantage of this opportunity by "incorporating significant portions of their deposition testimony in his questions." Corbett, 130 P.3d at 1189. The admission of the deposition transcripts was therefore not fundamentally unfair.[2] See Bullock, 297 F.3d at 1055.

Furthermore, the trial testimony of Ms. Williams and Mr. Miller was not so unreliable as to deny Mr. Corbett due process of law. This unreliability must result from impermissibly suggestive identification procedures implemented by

---

[1] Mr. Corbett's argument that the deposition issue should be governed by the "federal constitution error" rule is incorrect. Aplt. Br. at 8. That rule, as articulated by the Kansas Supreme Court, is used to determine whether the erroneous admission or exclusion of evidence of constitutional magnitude is serious—warranting a new trial or the setting aside of a verdict—or is merely harmless. See State v. Thompson, 558 P.2d 93, 99-100 (Kan. 1976). Mr. Corbett has not established that his constitutional rights were violated to trigger any such rule.

[2] We also note that there is no Sixth Amendment Confrontation Clause violation either because both Ms. Williams and Mr. Miller testified at trial. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).

the authorities and not from any witness's uncertainty. The procedure for identification must be "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). Absent that, "such evidence is for the jury to weigh . . . evidence with some element of untrustworthiness is customary grist for the jury mill." Manson v. Brathwaite, 432 U.S. 98, 116 (1977). The factors to consider for whether identification testimony is admissible include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. at 114. These factors are weighed against the corrupting effect of the suggestive identification. Id.

Mr. Corbett primarily argues that Ms. Williams and Mr. Miller's uncertainty in identifying him (rather than any suggestive procedures used by the police to obtain these identifications) resulted in a due-process violation. The only suggestive action by the authorities that Mr. Corbett contends led to his identification is the prosecutor's asking of leading questions to Ms. Williams and Mr. Miller at their depositions. We agree with the district court that such questions are insufficiently suggestive "to give rise to a very substantial likelihood of irreparable misidentification" and hold that there is no constitutional violation here. Simmons, 390 U.S. at 384. As the district court noted, the

circumstances of the witnesses' identifications were thoroughly addressed at trial and the jury was adequately instructed on this issue.

AFFIRMED.

Entered for the Court,


Paul J. Kelly, Jr.
Circuit Judge